JOHN M. ANDERSON & another *vs.* INCREASE H. BROWN.

Under Rev. Sts. *c.* 99, § 19, a review may be granted by the court of common pleas of a judgment of that court, affirming a judgment of a justice of the peace on the complaint of the defendant in review.

On a writ of review of a judgment of the court of common pleas, affirming, on complaint of the defendant in review, a judgment of a justice of the peace, from which an appeal had been taken by the plaintiff in review, but not entered, the case must be tried on its merits, as if an appeal had been duly entered.

In a writ of review of a judgment of the court of common pleas, an omission to allege that the judgment was rendered on complaint of the defendant in review in affirmance of a judgment of a justice of the peace is no variance.

WRIT OF REVIEW, granted by the court of common pleas, of a judgment described in the declaration as rendered by that court in favor of the defendant in review against the plaintiff in review in an action of tort. Trial in the court of common pleas before *Perkins*, J., to whose rulings, stated below, the defendant in review alleged exceptions.

The judgment sought to be reviewed was in fact rendered by that court, upon complaint of the defendant in review, in affirmance of a judgment of a justice of the peace, in an action of tort brought by the plaintiffs in review against the defendants in review, from which the plaintiffs in review had taken an appeal which they had neglected to enter. This appearing by certified copies of the proceedings before the justice, of said complaint to the court of common pleas and of the judgment thereon, as produced and filed in court by the plaintiffs in review ; the defendant demurred to the writ and declaration, upon

the ground that a writ of review did not lie in such case. But the judge overruled the demurrer.

The defendant in review then proved the facts above stated, and the granting of this writ of review by the court of common pleas on petition ; and rested his case ; and asked the court to rule that the merits of the original action tried before the justice were not open in this action, and that he had therefore made out his case, and the judgment of the court of common pleas should be affirmed. But the judge refused so to rule, and ruled that the defendant in review must go into the merits of the original action to make out a case for affirmation of the judgment.

The defendant also contended that there was a variance between the declaration and the proof, because the declaration did not show that the judgment of the court of common pleas was rendered on the complaint of the defendant praying for an affirmation of the judgment of the justice of the peace. But the judge overruled the objection, and a verdict was taken for the plaintiffs in review, subject to exceptions.

*J. H. Robinson*, for the defendant in review.

*J. A. Gillis*, for the plaintiffs in review.

DEWEY, J.    That a writ of review may properly be allowed to be brought to reverse a judgment of the court of common pleas rendered upon the complaint of the defendant in review, praying for the affirmation of a judgment of a justice of the peace, seems fully settled by the analogous case of *Bowditch Mutual Fire Ins. Co.* v. *Winslow*, 3 Gray, 415. The language of the Rev. Sts. *c.* 99, § 19, clearly embraces a case of this kind.

When such review is allowed, and the writ properly issued, the case is open to be tried upon its merits, as in other cases of writs of review. It was therefore the duty of the plaintiff in the original action, on the trial of the writ of review, to produce the proper evidence to substantiate his claim, in the same manner as would have been required, had the appeal been duly entered and no proceedings taken place or complaint been filed for affirmation of the judgment of the justice of the peace. The judgment of the justice was no longer a valid judgment,

because an appeal had been duly taken therefrom. The judgment of the court of common pleas, affirming that judgment on a complaint, had been opened by the granting of a writ of review. The defendant in error could not therefore properly rest his case upon any former judgment, but must present proper proofs to maintain his claim. The court of common pleas therefore properly ruled that the evidence introduced by the defendant in error did not entitle him to a judgment in his favor.

We perceive no ground for sustaining the position of the defendant in error, that judgment should have been rendered in his favor on account of a variance in the recital of the writ of review as to the nature of the judgment sought to be set aside by the writ of review.             *Exceptions overruled*